IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUBY BELL, ROBERT PATTERSON, EDDIE MAE BINION, ALOCIA BROWN, by her legal guardian Robert F. Harris, KEVIN HARRIS, by his legal guardian Robert F. Harris, GEORGE CRAWFORD, by his trustee Art Huenkemeier, A.L., by her mother and next friend Diane Bauknight, RUBY TRAMMELL, DELLA OTIS, MARY WEST, BETTY JO WATKINS, T.W., Jo. N. and Ja. N., by their next friend Janie Cook, and JEROME WINDLEY, individually and on behalf of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL LEAVITT, Secretary of the United States Department of Health and Human Services, <br><br> Defendant. | No. 06 C 3520 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs sued defendant from enforcing regulations that require states to obtain proof of citizenship from certain applicants for and recipients of Medicaid benefits. The case is before the Court on plaintiffs' motion for reconsideration of the portion of the Court's September 14, 2006 Memorandum Opinion and Order ("Order") determining that the Class A plaintiffs lacked standing to pursue their claims. For the reasons set forth below, the motion is denied.

## Discussion

Because plaintiffs seek reconsideration of an interlocutory order, their motion is not governed by Federal Rules of Civil Procedure 59 or 60. Rather, it is addressed to the Court's inherent power to modify orders in a pending case before final judgment. *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). Final or not, however, this Court's orders are not "first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1985). Thus, motions to reconsider are rarely appropriate. *Id.* In the context of final judgments, our court of appeals has said that motions to reconsider should be presented only when the law or facts change significantly after the issue is presented to the Court, the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it, or has "made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted). Such motions do not allow "a party to undo its own procedural failures, [or] . . . introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). With these principles in mind, the Court turns to plaintiffs' arguments.

In the Order, the Court dismissed the due process claims of A.L., T.W., Jo. N, Ja. N. and Jerome Windley, the representatives of proposed Class A. Plaintiffs say that decision was erroneous because it was based on the notion that plaintiffs challenged only the regulations promulgated by the Secretary, not the statute itself. Plaintiffs say their pleadings and briefs make it clear that they challenge the statute as well and the Court's failure to address that claim is an oversight that should be corrected.

2

The Court disagrees. In the first amended complaint, plaintiffs repeatedly allege that they are challenging the regulations, not the statute. (*See, e.g.,* First Am. Compl. ¶ 1 ("Plaintiffs . . . challenge [the statute] as applied to them by the defendant . . . ."); ¶ 2 ( "Under [the statute] as implemented by the defendant . . . ."); ¶ 54 ("Plaintiffs . . . will experience difficulties . . . under [the statute] as implemented by the Secretary's regulations . . . ."); ¶ 59 ("Plaintiffs will be irreparably injured by the Secretary's regulations . . . .").) In fact, they emphasize that the problem is the Secretary's interpretation of the statute, not the statute itself. (*See, e.g., id.* ¶ 37(a) (stating that the regulations "impermissibly turn [the statute] into a provision that alters eligibility for Medicaid"); ¶ 37(c) (alleging that the regulations "ignore the plain language of [the statute]"); ¶ 40(a) (stating that the regulations contain requirements not contemplated by the statute); ¶ 60 ("The Secretary's regulations . . . improperly construe [the statute] . . . ."); ¶ 62 ("[T]he Secretary has converted [the statute] into an eligibility requirement for Medicaid, in violation of [the statute] itself . . . ."); ¶ 63 ("The Secretary, under his regulations implementing [the statute] is applying the new documentation requirement . . . , contrary to the plain language of [the statute] . . . .").) Finally, though plaintiffs ask the Court to declare, "in the alternative," that the statute is unlawful, they do not seek to enjoin its enforcement. Rather, they ask the Court to "enjoin the Secretary from applying, implementing or effectuating . . . [the statute] in a manner that violates plaintiffs' rights." (*Id.*, Prayer for Relief.) In short, if the goal of the first amended complaint was to raise a statutory challenge, it fell short.

Plaintiffs also did not attack the statute in the brief supporting their amended motion for a temporary restraining order ("TRO"). The brief opens by saying, "Plaintiffs challenge new procedures the Secretary has adopted for determining eligibility for Medicaid," (Mem. Supp. Pls.' Am. Mot. TRO at 1), and proceeds to analyze the alleged flaws in the regulations for forty pages.

3

Conspicuously absent from the brief is any argument that the statute itself is unconstitutional. On the contrary, plaintiffs say the statute "gives the Secretary ample leeway to implement its directives without violating the Medicaid Act," "does not mandate the hierarchical approach" to documentation set forth in the regulations, and gives the Secretary "enough flexibility" to treat citizens and non-citizens alike. (*Id.* at 25, 34-35.)

It was only after the Secretary questioned their standing to challenge the regulations that plaintiffs said they contested the statute as well. (*See* Reply Mem. Supp. Pls.' Am. Mot. TRO at 6 ("[I]f the court finds that the Secretary . . . has read the statute as Congress intended, then plaintiffs claim that [the statute] itself, thus construed, violates their constitutional rights.").) Even then, their argument was terse and equivocal:

> Plaintiffs are seeking relief from identified harms whether they flow from the interim regulation[s] or [the statute]. . . . In the final resolution of this case, if the Court decides that the interim regulations are the only correct interpretation of [the statute], plaintiffs claim that [the statute] would then be unconstitutional. That need not be resolved on this motion . . . . The final declaratory judgment can sort out the exact source of the violations – interim regulations or statute.

(*Id.* at 13.) More importantly, it was too late. *See Burnside v. Old Nat'l Bank*, No. 06-2832, __ F.3d __, 2006 WL 3724635, at *2 (7th Cir. Dec. 18, 2006) (stating that arguments raised for the first time on reply are waived). Thus, even if plaintiffs had offered a detailed analysis of the statute's constitutionality in their reply brief, it would have done nothing to further their case.

In sum, plaintiffs did not clearly raise their purported statutory challenge in the first amended complaint, did not argue it in their opening brief and argued it only obliquely, and belatedly, in their reply brief. Thus, the Court's failure to address that claim was the result of plaintiffs' strategic or procedural errors, neither of which mandates reconsideration of the Order.

## Conclusion

For the reasons set forth above, plaintiff's motion for reconsideration [doc. no. 75] is denied.

**SO ORDERED.**                    **ENTERED:**    2/16/07

                                   _____
                                   **HON. RONALD A. GUZMAN**
                                   **United States District Judge**